Matthias, J.
 

 These cases came into this court from the Court of Appeals of Harrison county where they were heard on appeal. They present the same question, were heard and submitted together, and will be so decided. In the discussion of facts we shall refer to the first-named case.
 

 The board of trustees of Athens township, Harrison county, proceeded under authority of Sections 3298-1 to 3298-15?, inclusive, General Code, to improve a certain public highway in such township, designated as “road No. 156.” No question has been raised or presented as to the legality or regularity of the proceedings of the township trustees other than that wherein they assessed against the property of these defendants in error a portion of the expense for the construction of said improvement. In providing the method for the payment of the compensation, damages, costs, and expenses of such road improvement, the board of trustees adopted the method of assessment against the real estate situated within one-half mile on either side of the improvement, according to the benefits accruing to such real estate, pursuant to the provisions of Section 3298-13, General Code. That section reads:
 

 “The compensation, damages, costs and expenses of the improvements shall be apportioned and paid in any one of the following methods, as set forth in the petition: All or any part thereof
 
 *601
 
 shall be assessed against the real estate abutting upon said improvement, or against the real estate situated within one-half mile of either side thereof, or against the real estate situated within one mile of either side thereof, according to the benefits accruing to such real estate; and the balance thereof, if any, shall be paid out of the proceeds of any levy or levies for road purposes upon the grand duplicate of all the taxable property in the township, or from any funds in the township treasury available therefor; when the board of township trustees acts by unanimous vote and without the filing of a petition, the trustees shall set forth in their resolution declaring the necessity for the improvement, the method of apportioning and paying the compensation, damages, costs and expenses of the improvement, which may be any one of the ¡methods above provided.”
 

 The pertinent portions of Section 3298-15», General Code, are as follows:
 

 “As soon as all questions of compensation and damages have been determined, the county surveyor shall make, upon actual view, an estimated assessment upon the real estate to be charged therein of such part of the compensation, damages, costs, and expenses of said improvement as is to be specially assessed. Such estimated assessment shall be according to the benefits which will result to such real estate. In making such estimated assessment the surveyor may take into consideration any previous special assessment made upon such real estate for road improvements.”
 

 Under these provisions the township trustees established an assessment zone extending one-half
 
 *602
 
 mile on each side of the proposed improvement, assessing real estate within one-half mile on either side thereof according to benefits to said real estate, and certified to the county auditor an assessment against the separately owned coal of each of the defendants in error, the Short Creek Coal Company and the Warner Collieries Company, lying within said zone.
 

 The sole question presented is whether an assessment for any sum whatever may be legally levied upon the separately owned coal of defendants in error for the improvement of said highway.
 

 The plaintiffs promptly objected to and protested against any assessment being levied upon their separately owned coal lands for said improvement, upon the ground that said assessment was not made according to the benefits which would result to any real estate belonging to them located within one-half mile of the proposed road improvement, and that their said property would in no wise be benefited in any degree or manner by the construction thereof. And upon such claim their action in injunction was based.
 

 The Court of Appeals, upon hearing, found for the plaintiffs, and granted an injunction restraining the collection of any portion of the amount assessed against said property of the plaintiffs.
 

 The title of the defendant in error the Short Creek Coal Company was acquired by several deeds which embrace in their description the premises “known as all the No. 8 or Pittsburgh vein lying or being in, under or upon all that certain piece or parcel of land situate in the township of
 
 *603
 
 Athens, county of Harrison, and state of Ohio, bounded and described as follows *
 
 *
 
 *.”
 

 The grant in the several deeds contained a clause as follows:
 

 “Together with proper openings and the free and uninterrupted right of way into, upon and under said land at such points and in such manner as may be proper and necessary for the purpose of digging, mining, draining and ventilating by air shafts or otherwise and the carrying away such coal, etc. (hereby waiving all surface damage or damages of any sort arising from the working of said mines or from the removal of all of said coal), together with the privilege of mining and removing through said above-described premises other coal belonging to said grantee, its successors or assigns, or which may hereafter be acquired.”
 

 It is to be observed that the owners of the subsurface in this instance had in connection therewith an interest also in the surface of the land, which included all rights and privileges essential in mining and removing the coal. The question is therefore presented whether an assessment of the cost and expense of improving a public highway must be limited to the surface of the land, or whether, when the surface and subsurface are separately owned, both may be assessed, assuming that the same are benefited. There is little ground for dispute upon the proposition that coal in place is real estate, and it seems unnecessary to cite authorities. Statutes providing for the taxation of land, or assessments against land, are held to include minerals in place, whether separately owned or otherwise. Cooley on Taxation (4th Ed.), Yol. 2, Sec
 
 *604
 
 tions 564 and 566. Section 5563 of the General Code provides for the division of valuation of separately owned surface and coal for the purpose of taxation. In this instance, therefore, the vein of coal in question is “real estate within one-half mile of either side” of said road, and hence, under the provisions of Section 3298-13, General Code, may be assessed “according to the benefits accruing to such real estate.”
 

 It is contended that there can be no possible benefit accruing to the property of the defendants in error from such road improvement because of the fact that the mine openings, the tipple, and all improvements now used in the operation of these mines are situated two or three miles away from the road in question, although the company is the owner of the coal strata extending from its present mine opening to and along the road being improved. Although the defendants in error have not now any opening to their mines adjacent to this road improvement, and indicate that they do not contemplate making any, yet the fact remains that the opportunity is provided whereby the road in question is made available for use by the defendants in error in the delivery of coal by trucks, or in any other manner in which they desire to avail themselves of such improvement. The company has the right to construct openings near to or along this road improvement. Assessment against the surface of the land is made upon the theory that access to a road improvement adds value thereto, and the owner thereof cannot procure exemption of his land from such assessment merely upon the ground that he may prefer to travel in another
 
 *605
 
 direction and not make use of the road improve* ment provided. Land lying adjacent to a sewer improvement may be assessed even though the property does not have immediate need for a sewer.
 
 Ford
 
 v.
 
 City of Toledo,
 
 64 Ohio St., 92, 59 N. E., 779. In the consideration of this case the court says:
 

 “The length of time the ground may probably remain vacant only goes to the urgency of the need and the measure of the benefit. But that vacant ground may and generally does receive a present special appreciable benefit from, the construction of a sewer, on account of its proximity and accessibility for all sewerage purposes, is known to every one conversant with the subject.”
 

 We are of the opinion that the court below erred in reaching the conclusion that no assessment for road improvement can legally be levied against the subsurface, particularly when the ownership thereof has coupled with it rights in the surface such as the defendants in error in this case possess.
 

 Judgment reversed.
 

 Day, Allen, Kinkade, Robinson and Jones, JJ, concur.